UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER M. STOVER, | ) | CASE NO. 5:07cv2233 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. After reviewing *de novo* the Magistrate Judge's Report and Recommendation and the Plaintiff's Objections (Doc. 18), this Court ADOPTS the Report and Recommendation (Doc. 17) and AFFIRMS the decision of the Commissioner of Social Security.

**I.     Applicable legal standard**

When a Magistrate Judge submits a Report and Recommendation, this Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made. 42 U.S.C. § 1381(c)(3). The Court need not articulate its reasons for ruling on objections so long as a *de novo* review was made. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

The primary issue then becomes whether substantial evidence supported the ALJ's decision. This court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings. *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial

evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 217 (1938)). If substantial evidence supports the ALJ's decision, the decision must be affirmed even if a reviewing court would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the proper legal standards were employed by the ALJ in making his decision. *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for an ALJ to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). This inability to engage in substantial gainful activity encompasses both Plaintiff's past employment and any other work existing in significant quantity in the economy. 42 U.S.C. § 423(d)(2)(A).

A party objecting to the Magistrate Judge's Report and Recommendation must assert specific objections to the Report, and must set forth the basis for those objections. *Cf. Slater v. Potter*, 28 Fed. Appx. 512 (6th Cir. 2002). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* at 513 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th cir. 1995).

## II.     Analysis

On September 9, 2008, Magistrate Judge Limbert filed his Report and Recommendation to affirm the ALJ's decision. Plaintiff filed a two-page objection (Doc. 18) that generally restated the arguments made in her brief to the Magistrate Judge (Doc. 15). The objections raised by Plaintiff challenge the conclusions of the Magistrate Judge by stating that those conclusions are unreasonable, and by merely asserting what she presumably believed to be reasonable conclusions. Those conclusions have no support in the record before the Court. Moreover, Plaintiff did not object with specificity or provide a legal basis for her objections.

## III.    Conclusion

This Court has considered Plaintiff's objections to the Report and Recommendation and has conducted a *de novo* review of the record. The Court finds that the Magistrate adequately dealt with the issues raised in the parties' merits briefs, and that Plaintiff's objections are without merit. Furthermore, there is substantial evidence for the Commissioner's decision. Therefore, the Court hereby adopts the Magistrate Judge's Report as its own. No further articulation of the Court's reasoning is necessary.

IT IS SO ORDERED.

DATED:  October 6, 2008

*/s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT

3